```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANDREW LUCAS,                       :
                                    :
         Plaintiff,                 :    1:18-cv-02791-NLH-AMD
                                    :
    v.                              :    **MEMORANDUM OPINION & ORDER**
                                    :
LUCAS CAPITAL ADVISORS, LLC.,       :
et al.,                             :
                                    :
         Defendants.                :
_____:

**APPEARANCES:**

ANDREW LUCAS
66419050
MORGANTOWN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MORGANTOWN, WV 26507

    *Plaintiff pro se*

**HILLMAN, District Judge**

    WHEREAS, Plaintiff Andrew Lucas, a prisoner housed at Morgantown FCI, filed a complaint alleging violations of federal securities laws without prepayment of fees or security or an application to proceed *in forma pauperis* ("IFP") (Docket No. 1); and

    WHEREAS, the Court issued an order administratively terminating the action, and provided Plaintiff with 45 days to

submit the proper IFP application or pay the appropriate filing fee (Docket No. 2); and

WHEREAS, Plaintiff paid the filing fee, and on July 17, 2018 the Clerk reopened the matter, deemed the complaint filed, and issued summonses to Plaintiff (Docket No. 4, 5); and

WHEREAS, on August 13, 2018, Plaintiff filed a letter asking the Clerk for information on how to request that the U.S. Marshal Service serve the summonses and his complaint (Docket No. 6); and

WHEREAS, on November 20, 2018, Plaintiff filed a letter stating that even though he originally filed his complaint thinking he would apply to proceed IFP, his circumstances changed making that no longer necessary, and he requested the Court to "reissue the complaint as I believe time has expired" (Docket No. 7); and

WHEREAS, with regard to Plaintiff's request that the U.S. Marshal serve his complaint, "[w]here a plaintiff is not proceeding in forma pauperis, the Court is not obligated to order the U.S. Marshal to effect service under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915.[1]  Rather, the obligation to

---

[1] Fed. R. Civ. P. 4(c)(3) provides, "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."

2

effectuate service rests with the plaintiff, although the Court enjoys discretion to direct service by the U.S. Marshal if the event the plaintiff shows good cause." Avila v. New Jersey, 2013 WL 2242671, at *1 n.2 (D.N.J. 2013); see also Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); and

WHEREAS, Plaintiff is not proceeding IFP, and he has not provided the Court with "good cause" as to why the U.S. Marshal should serve his complaint[2]; and

WHEREAS, with regard to Plaintiff's request that the Court "reissue the complaint," the Court will construe this as a request for an extension of time to serve his complaint and have the Clerk's office issue new summonses, since the time for service and the original summonses have all expired, see Fed. R. Civ. P. 4(m) ("Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must

---

[2] The Court recognizes that Plaintiff is incarcerated, which may be an obstacle to his efforts to serve his complaint, but his incarceration alone does not automatically compel a court to order the U.S. Marshal to effect service, particularly when Plaintiff's claims are not related to his incarceration.

3

dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.");

THEREFORE,

IT IS on this ___3rd___ day of ___April___, 2019

ORDERED that the time period for Plaintiff to effect service of his complaint shall be extended for an additional 90 days from today; and it is further

ORDERED that the Clerk of the Court shall reissue summonses and mail them to Plaintiff so that he may serve the summonses and his complaint on Defendants.[3]


At Camden, New Jersey

           s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[3] The District Court's website provides guidance to pro se plaintiffs in their litigation efforts, including information on service.  See *Procedural Guide for Pro Se Litigants*, available at https://www.njd.uscourts.gov/filing-without-attorney.